
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PIPER A. ROUNTREE, | ) |
| | ) Case No. 7:11CV00572 |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| | ) |
| HAROLD CLARK, ET AL., | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Defendant(s). | ) |
| | ) |

Plaintiff Piper A. Rountree moves the court for an ex parte temporary restraining order and permanent injunction, directing prison officials at Fluvanna Correctional Center for Women (FCCW) to change numerous policies regarding inmates' religious rights, access to legal materials, access to the grievance procedures, and other matters. Her pleading, which is also styled as a complaint has been conditionally filed by separate order as a civil rights complaint pursuant to 28 U.S.C. § 1983. Upon review of her submissions, however, the court will deny her separate motion for an ex parte temporary restraining order.

Temporary restraining orders are issued, without notice, only rarely, when the movant proves that she will suffer injury if relief is not granted before the adverse party could be notified and have an opportunity to respond. See Federal Rule of Civil Procedure 65(b). In support of such a motion, the plaintiff must present "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Rule 65(b)(1).

Rountree fails to provide an affidavit setting forth specific facts concerning the manner in which she will suffer "immediate and irreparable injury" without an immediate court intervention. She also fails to certify any reason that the defendant prison officials should not be notified of the lawsuit and granted the opportunities inherent in the normal litigation process to respond to her allegations. Rountree's requests for permanent injunctive relief are noted and will be addressed in the due course of the civil action.

For the reasons stated, it is now **ORDERED** that plaintiff's motion for ex parte temporary restraining order (ECF No. 2) is **DENIED**.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

**ENTER:** This 16th day of December, 2011.

/s/ James C. Turk
Senior United States District Judge