**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **PIPER A. ROUNTREE,** | ) | |
| | ) | Case No. 7:11CV00572 |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **HAROLD CLARK, et al.,** | ) | By:  Robert S. Ballou |
| | ) | United States Magistrate Judge |
| Defendant(s). | ) | |
| | ) | |

Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction

vested pursuant to 28 U.S.C. § 1343.  Inasmuch as the complaint and attachments do not

conform to all requirements for in forma pauperis prisoner civil rights actions as promulgated

under 28 U.S.C. § 1915(a), it is now

**O R D E R E D**

as follows:

(1)     The complaint shall be conditionally filed pending satisfaction of the requirements set

forth herein;

(2)     The plaintiff shall be assessed a filing fee of $350.00 pursuant to 28 U.S.C. § 1915(b);

(3)     Plaintiff is hereby **GRANTED** the opportunity to proceed in forma pauperis to the extent

that the court shall not require plaintiff to prepay the $350.00 filing fee at this time.  **Plaintiff is**

**advised, however, that she will be required to pay the full $350.00 filing fee**, but may qualify

to pay in installments.  In order for the court to determine whether plaintiff shall be allowed to

pay the fee in installments, pursuant to the requirements of 28 U.S.C. §1915(a)(2), plaintiff shall

submit a certified copy of plaintiff's trust fund account statement for the six-month period

immediately preceding the filing of the complaint, obtained from the appropriate prison official

of each prison at which the prisoner is or was confined.  See enclosed account report form.

FAILURE BY THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN

TEN (10) DAYS SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT

PREJUDICE;

(4)      Please include the above referenced case number in any document that you submit to the

court related to this civil action.  Please be sure your submissions are legible, written on one side

of the paper only, with at least one-inch of clear space on all sides of the text.  In any document

you submit to the court, please omit, black out, or abbreviate personal data identifiers as follows:

social security numbers (use only the last four digits), names of minor children (use initials),

dates of birth (list only the birth year), financial account numbers (list only the last four digits),

and home addresses (city and state are OK).

(5)      Plaintiff is advised that pursuant to federal law, a prisoner may not bring a civil action

without complete prepayment of the appropriate filing fee if the prisoner has brought on three or

more occasions, an action or appeal in a federal court that was dismissed as frivolous, as

malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is

in imminent danger of serious physical injury.  See 28 U.S.C. §1915(g).

(6)      Plaintiff shall notify the Court immediately upon plaintiff's transfer or release and shall

provide a new address.  FAILURE TO NOTIFY THE COURT OF ANY CHANGE OF

ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

(7)      Parties are advised that pursuant to Standing Order of Court entered October 7, 2011, all

nondispositive matters in this case will be referred to the undersigned United States Magistrate

Judge.  (See Appendix.)

For reasons stated above, this complaint will be conditionally filed and will be maintained on the active docket to give the plaintiff the opportunity to comply with the conditions noted herein.

The Clerk is directed to send a copy of this order to the plaintiff.

Entered: December 19, 2011

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

IN RE:        PROCEDURS FOR PRISONER CASES AND PROVISIONS  FOR
              CUSTODY OF PRISONERS

**STANDING ORDER NO. 2011-18**

(a)     **Additional Procedures for Pro Se Prisoner Civil Rights Cases.**   In order to reduce the costs and expenses borne by the Court and by the parties in the litigation of *pro se* prisoner civil rights cases and petitions for writs of habeas corpus, special procedures are established in this district for the processing such cases.  Accordingly, the Court may direct a party or parties in a prisoner civil rights case to file a motion for summary judgment supported by affidavits. Failure to comply with such an order in an appropriate case may result in the imposition of sanctions including, but not limited to, motion preclusion at trial.

(b)     **Filing and Processing *Pro Se* Prisoner Civil Rights Cases and Petitions for Writs of Habeas Corpus.**   In order to facilitate the establishment of a unified system for processing and disposing of *pro se* prisoner civil rights cases, federal prisoner tort claims cases, and petitions for writs of habeas corpus, all such cases shall be received and processed in the Roanoke Division.  For purposes of this Standing Order, the terms *pro se*  "prisoner civil rights cases," "federal prisoner tort claims cases," and "petitions for writs of habeas corpus" are deemed to include the following: (1) civil rights complaints filed pursuant to 42 U.S.C. § 1983; (2) civil rights complaints filed pursuant to 28 U.S.C. § 1331 (*Bivens* actions); (3) habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 (federal habeas); (4) habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 (state habeas); (5) habeas corpus petitions filed pursuant to 28 U.S.C. § 2255 (federal habeas); and (6) Federal Tort Claims Act actions filed by federal prison inmates pursuant to 28 U.S.C. §§ 2671-2680.  All such cases are referred to United States Magistrate Judge Robert S. Ballou for purposes of consideration and ruling as to any and all nondispositive, pretrial matters and motions as may arise, pursuant to 28 U.S.C. § 636(b)(1)(A). All such cases, with the exception of § 2255 motions, will be assigned a Roanoke Division docket number.  To the extent practicable, however, courtroom proceedings in these cases will be conducted in the division of court where the case arose.

(c)     **Transportation of Prisoner-Witnesses by Law Enforcement Agents.**   All federal law enforcement agents, including deputized federal task force officers, with the concurrence of the United States Marshals Service, are authorized to transport prisoner-witnesses to and from the United States Marshals Service holding cells within the Western District of Virginia for interview by the United States Attorney, or his designee, as needed, and to take the prisoner-witness to the office of the federal agents having this temporary custody of the prisoner-witness for the interview. The federal law enforcement agents who are moving the prisoner-witnesses must remain with the prisoner-witnesses at all times until the prisoner-witnesses are returned to the custody of the United States Marshal. The United States Attorney's Office must give proper advanced notice to the United States Marshals Service so that the prisoner will be available in the holding cell. The law enforcement agents taking custody of the prisoner witnesses will sign a receipt at the time of taking custody of the prisoner-witness from the United States Marshals Service. At no time will the leg restraints be removed from the prisoner outside of the holding cells. A minimum of two law enforcement agents, one of whom must be a federal

law enforcement agent or deputized federal task force officer, must accompany each prisoner at all times.

     **(d)**     **Temporary Custody of Inmates by U.S. Marshal.**  The United States Marshal for the Western District of Virginia must, upon receipt of an appropriate order from a circuit court of the Commonwealth of Virginia, entered pursuant to the Agreement of Temporary Custody dated November 10, 1975, by and between the Attorney General of Virginia and the United States Attorney for the Western District of Virginia, approved by this Court on December 19, 1975, and the purposes stated therein, temporarily relinquish federal custody of named individuals to appropriate officials of the Commonwealth of Virginia.

     This Standing Order supersedes all other prior standing orders pertaining to the handling of prisoner civil rights cases and all petitions for writs of habeas corpus cases. Accordingly, this court's Interim Standing Order No. 2011-3 dated May 17, 2011 is rescinded.


     It is so **ORDERED**.


                             For the Court:

                             ENTER:  October  7, 2011


                             ____/s/ Glen Conrad_____
                             Chief United States District Judge

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

**PIPER A. ROUNTREE**

**v.**                                              **CASE NO. 7:11CV00572**
**HAROLD CLARK, <u>et</u> <u>al.</u>**

**INMATE ACCOUNT REPORT**
Piper A. Rountree, #1004102

**DATE OF INQUIRY**                                          _____

Balance at time of inquiry                                  _____

Current rate of pay                                         _____

Total Deposits for six months prior to December, 2011       Month Amount

                                                            _____  _____

                                                            _____  _____

                                                            _____  _____

                                                            _____  _____

                                                            _____  _____

                                                            _____  _____

**AVERAGE MONTHLY DEPOSITS**                                _____

Account Balance on Last Day of Month                        Month        Amount
for six months prior December, 2100

                                                            _____  _____

                                                            _____  _____

                                                            _____  _____

                                                            _____  _____

                                                            _____  _____

                                                            _____  _____

**AVERAGE MONTHLY BALANCE**                                 _____

*(To be completed and signed by trust account officer)*
**I have attached certified copies of the inmate's ledger cards, and maintain said records in**
**the regular and ordinary course of business.**

**DATED:_____SIGNATURE:_____TITLE:_____**