CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 16 2012

JULIA ꟷ CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **PIPER A. ROUNTREE,** | ) |
| | ) Case No. 7:11CV00572 |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| | ) |
| **HAROLD CLARK, ET AL.,** | ) By:  James C. Turk |
| | ) Senior United States District  Judge |
| Defendant(s). | ) |
| | ) |

By order entered December 16, 2011, the court denied Plaintiff Piper A. Rountree's

motion for an *ex parte* temporary restraining order and permanent injunction regarding various

prison policies at Fluvanna Correctional Center for Women (FCCW).  On January 23, 2012,

Rountree moved for reconsideration of the December 16 order.  She asserts that she will suffer

immediate and irreparable injury, loss, or damage if the court does not issue injunctive relief

before the opposing party responds to her complaint.  In addition, Rountree alleges that since she

filed the lawsuit, officers have harassed her by confiscating some personal property items, and a

doctor has changed Rountree's prescription medication for migraines.  Rountree complains that

the new medication causes her to suffer unidentified adverse reactions.

Temporary restraining orders are issued, without notice, only rarely, when the movant

proves that she will suffer injury if relief is not granted before the adverse party could be notified

and have an opportunity to respond.  See Federal Rule of Civil Procedure 65(b).  In support of

such a motion, the plaintiff must present "specific facts in an affidavit or a verified complaint

clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant

before the adverse party can be heard in opposition" and must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Rule 65(b)(1).

Rountree's current motion offers merely her own general statement that she will be harmed in the absence of court intervention and her conclusory assertions that the officers retaliated against her and the doctor did not give the treatment Rountree thought appropriate. Rountree's broad assertions are not facts and will not suffice to make the showings required for relief under Rule 65. Therefore, Rountree's motion to reconsider denial of her December motion must be denied.

The new claims Rountree raises, alleging retaliation and deliberate indifference to her serious medical needs, also merit no relief. Her mere disagreement with the doctor's medical judgment as to the course of treatment to prescribe does not present a claim actionable under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Moreover, Rountree offers no indication that she has exhausted available administrative remedies as to her complaint that the newly prescribed medication causes her problems. See 42 U.S.C. § 1997e(a) (requiring exhaustion before inmate may bring lawsuit). Finally, Rountree's claims that officers are retaliating against her rest solely on Rountree's own characterization of their actions, rather than on facts. The timing of the property confiscation alone is insufficient to support a claim that the officers took her property to retaliate for the lawsuit. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding that conclusory allegations of retaliation are insufficient to support § 1983 claim). Because Rountree's motion fails to demonstrate any likelihood of success on her new medical

and retaliation claims, she is not entitled to the interlocutory relief she seeks.[1]   See <u>Winter v.</u>

<u>Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).

For the reasons stated, it is now

**ADJUDGED AND ORDERED**

that plaintiff's motion for reconsideration and motion for ex parte temporary restraining order,

both included in ECF No. 12, are **DENIED**.

The Clerk is directed to send a copy of this order to the plaintiff.

**ENTER:**      This __16th__ day of February, 2012.

_James C. Turk_
Senior United States District Judge

---

[1]   For the same reasons, the court will not construe her current motion as amending her complaint to raise claims concerning her allegations of retaliation and deliberate indifference to medical needs.