CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 19 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PIPER A. ROUNTREE, | ) | CASE NO. 7:11CV00572 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Piper A. Rountree, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Among other things, Rountree alleges that prison officials have deprived her of federally protected rights related to legal and personal mail, access to courts, exercise of religious beliefs, recreation, and accommodation of disabilities, in violation of various constitutional provisions, the Americans with Disabilities Act ("ADA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Defendants have moved for summary judgment, based on evidence that Rountree failed to exhaust available administrative remedies as required under 42 U.S.C. § 1997e(a). Rountree has responded to defendants' motion, but has also submitted a motion for leave to file a second amended complaint, which the court will grant. Upon review of the record, the court concludes that defendants' motion must be denied, but finds it appropriate to refer the matter to the United States Magistrate Judge for further proceedings on the exhaustion issue.[1]

---

[1] See 28 U.S.C. § 636(b)(1)(B).

# I

Rountree is an inmate at Fluvanna Correctional Center for Women ("FCCW"). Unlike most inmates, Rountree has a law degree and practiced as an attorney before her incarceration. Her original handwritten complaint brought fifteen "legal claims" against twelve officials in the Virginia Department of Corrections ("VDOC") administration and at FCCW. Rountree then filed a first amended complaint, to which defendants responded by filing an answer and their motion for summary judgment under § 1997e(a).

Now pending is Rountree's motion for leave to file a second amended complaint, submitted within 21 days after defendants' motion for summary judgment and answer. See Fed. R. Civ. P. 15(a)(1)(B) (allowing amendment of pleading within 21 days after service of a responsive pleading). As this second amended complaint raises essentially the same legal claims as presented in the first amended complaint[2] and incorporates all the exhibits attached to the original and first amended complaints,[3] the court finds it appropriate to grant the motion.

In a section of Rountree's second amended complaint (hereinafter "the complaint") entitled "LEGAL CLAIMS," she asserts the following:[4]

    1. "Defendants have conspired to deprive Plaintiff of her civil rights";

    2. Defendants "have deprived of Plaintiff of her right to access the judicial system";

    3. Defendants "have deprived Plaintiff of her right to send and receive mail in a meaningful manner";

---

[2] The second amended complaint adds one additional claim of conspiracy that relates to claims raised in the original complaint.

[3] Because Rountree's exhibits include a number of grievance documents, they were docketed as an attachment to her verified statement concerning her utilization of the administrative remedies procedures, which was submitted with her complaint. (ECF No. 3.)

[4] (ECF No. 31-1, ¶¶ 65-80.)

4. Defendants "have deprived Plaintiff of the right to address grievances and complaints meaningfully within the VDOC";

5. Defendants have deprived plaintiff of her "right to complain and address concerns free from reprisals and retaliation";

6. Defendants "have deprived Plaintiff of her right to be secure in her person, property and quarters without due process of law violated";

7. Defendants have "deprived Plaintiff of her right to be free from abuse, intimidation, and pointed harassment";

8. Defendants "have deprived Plaintiff of her Constitutional rights without due process of law, violate and continue to violate her 8th Amendment rights";

9. Defendants "have deprived Plaintiff of her right to be free from unequal treatment under the policies and practices of Defendants";

10. Defendants "have deprived Plaintiff of her right to access and maintain books, publications and educational material'"

11. Defendants "have deprived Plaintiff of her right to meaningful services and programs, including recreation opportunities, in the same manner as has been provided men at similar institutions" in violation of RLUIPA;[5]

12. Defendants "have . . . violated and continue to violate the rights guaranteed [Plaintiff] as a handicapped under the Americans with Disabilities Act";

13. Defendants "have deprived Plaintiff of her Constitutional rights to exercise free speech;

14. Defendants "have deprived Plaintiff of her right to an independent, conflict and self-interest free system and procedures of meaningful access to the judicial system";

15. Defendants "have deprived Plaintiff of her right to an independent, conflict and self-interest free system and procedure of meaningfully accessing and receiving mail from the U.S. postal system"; and

---

[5] In Claims 11, 14, 15, and 16, Rountree also alleges generally that defendants' actions have deprived her of constitutional rights under the First, Eighth, and Fourteenth Amendments, "Federal and State warranty laws," and rights accrued to her as a beneficiary to contracts or agreements defendants have made. In Claims 14, 15, and 16, she also asserts violations of the ADA.

> 16. Defendants "have deprived Plaintiff of her right to an independent, conflict and self-interest free system and procedures of meaningfully presenting and resolving complaints and grievances."

As relief, Rountree seeks a long list of declaratory judgments and permanent injunctions, as well as compensatory damages and costs.[6] (ECF No. 31-1, at ¶¶81-130.) Rountree has also invoked her right to a jury trial.

## II

An award of summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002) (interpreting 42 U.S.C. § 1997e(a)). The § 1997e(a) exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To comply with § 1997e(a), an inmate must follow each step of the established administrative procedure that the state provides to prisoners

---

[6] By separate orders, the court has denied the motion for temporary restraining order included in Rountree's complaint. (ECF No. 36.)

4

and meet all deadlines within that procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006).

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008). Accordingly, on summary judgment, the district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Hill v. O'Brien, 387 F. App'x 396, 400 (4th Cir. 2010) (citing Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)). The burden of showing that administrative remedies were unavailable lies with the plaintiff. See, e.g., Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir.2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (citing Moore, 517 F.3d at 725).

### III

Defendants offer a copy of Operating Procedure 866.1, which sets out the procedure inmates in Virginia Department of Corrections (VDOC) prisons must follow to exhaust administrative remedies in compliance with § 1997e(a). (ECF No. 28-1.) This procedure defines the term "grievance" as "[a]n unresolved issue filed and signed by an individual offender on his/her own behalf concerning an issue which has affected him/her personally." OP 866.1(III). An inmate must first make a good faith effort to informally resolve her grievance by submitting an informal complaint; prison officials should provide the inmate with a receipt when the informal complaint is logged and are expected to respond within 15 days thereafter.[7] OP 866.1(V). If dissatisfied with the response to her informal complaint, the inmate may file a

---

[7] Inmates use different forms to request services or to obtain assistance in an emergency. Requests for services and emergency grievances are not part of the exhaustion process under OP 866.1.

regular grievance within 30 days of the incident at issue, with the informal complaint and response attached. OP 866.1(VI)(A)(2). If the inmate does not receive a response to the informal complaint within 15 days of its being logged, she may submit a regular grievance with the informal complaint receipt attached. OP 866.1(V)(A)(2).

A regular grievance first undergoes intake review and may be rejected for a number of reasons listed on the back of the grievance form. OP 866.1(VI)(B). These reasons include failure to complete or document the informal complaint procedure, failure to file the grievance within 30 days of the incident at issue, and failure to provide sufficient information about the incident and its effect on the grievant. The inmate may appeal the intake decision to the regional ombudsman within 5 days of receipt; there is no further appeal of the intake decision. OP 866.1(VI)(B)(4).

OP 866.1 provides up to three levels of review for regular grievances. OP 866.1(VI)(C). The facility unit head (the warden at FCCW) of the facility or her assistant conducts Level I reviews and must respond to the regular grievance within 30 days. OP 866.1(VI)(C)(1). If dissatisfied with the Level I response, the inmate may appeal that response; this appeal is usually reviewed by the Regional Director, depending on the issue raised, and a response should be provided within 20 days. OP 866.1(VI)(C). For most issues, Level II is the final level of review. Id.

Defendants assert that although all the issues raised in Rountree's complaint are grievable under OP 866.1, their grievance records indicate that Rountree has not properly exhausted available administrative remedies as to any of the issues. To Rountree's assertion that officials prevented her from completing the remedies procedure properly, by losing or rejecting her informal complaints and grievances, defendants contend that Rountree failed to pursue an

available appeal of the intake process for these remedy forms and thereby failed to exhaust as required under § 1997e(a). Defendants also assert that Rountree, with her legal education, is especially well equipped to follow OP 866.1 directives regarding the criteria for acceptance of informal complaints and grievances, but often fails to do so, as evidenced by the rejection of many of her grievances at the intake stage. In addition, defendants' evidence indicates that Rountree has filed multiple regular grievances to which prison officials have responded, but she has never appealed one of these grievances through the Level II appeal process as required for exhaustion of the remedies set forth in OP 866.1.

In response to defendants' motion, Rountree asserts, "Each issue raised in this matter has been appealed to the highest level of appeal." (ECF No. 35, at p. 3.) She alleges that according to VDOC ombudsmen and an official in Offender Management Services, she has exhausted her available administrative remedies as to a list of issues, which loosely coincides with the majority of the "CLAIMS" raised in the complaint.[8] (Id. at 6.) Rountree asserts that officials often failed to accept her grievance documents or to give her a receipt for her informal complaints and grievances, that many such remedy forms she submitted were lost or never returned to her, and that appeals of the grievance intake process were often returned without response, were not returned, or were rejected as untimely after Rountree did not receive the intake decision in time to appeal within the five-day appeal period. She asserts that on some issues, officials told her to file a request for services instead of an informal complaint or grievance, thus suggesting that the grievance procedure was not an available remedy for those issues.

---

[8] Rountree asserts that Ombudsman White told her that she "had made a good faith attempt to comply and request resolution" and "where the policy failed to address errors which [she] faced, she had exhausted her 'formal' appeals." (ECF No. 35, at 5.)

7

The court concludes that the evidence, taken in the light most favorable to Rountree, does not establish that defendants are entitled to summary judgment under § 1997e(a). Rountree's verified responses to defendants' motions are sufficient to create material disputes of fact as to whether prison officials' handling of her attempted informal complaints, grievances, and intake appeals made the other levels of review "unavailable" to her at times.[9] Defendants do not argue, specifically, that Rountree's utilization of the grievance procedure as to any particular claim or incident at issue in Rountree's submissions constituted a failure to exhaust the available procedures properly, in compliance with § 1997e(a). Moreover, the copy of OP 866.1 provided with defendants' motion became effective on December 1, 2010. Rountree's exhibits include many copies of administrative remedies and responses filed in 2007 through 2010. The record does not include any earlier version(s) of the grievance procedures that would have applied during this period or indicate what differences may have existed in those earlier versions.

For the stated reasons, the court concludes that defendants have not demonstrated the absence of material disputes of fact regarding Rountree's exhaustion of available administrative remedies. Accordingly, the court denies defendants' motion for summary judgment on this ground, but does so without prejudice to further proceedings on this defense.

## IV.

In conclusion, plaintiff's motion for leave to file a second amended complaint is granted, and defendants' motion for summary judgment on the ground of failure to exhaust administrative remedies is denied without prejudice. The court refers the matter to Hon. Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for further proceedings, including an evidentiary hearing if necessary, on the issue of exhaustion of available

---

[9] See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (finding that a verified complaint or other verified pleading from *pro se* litigant "is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge").

8

administrative remedies. Judge Ballou will prepare a report stating findings of fact, conclusions of law, and recommended disposition of the exhaustion issue. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendants.

ENTER: This 19th day of March, 2013.

*/s/ James C. Turk*
Senior United States District Judge