CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 1 2013

JULIA␣DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PIPER A. ROUNTREE, | CASE NO. 7:11CV00572 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| HAROLD CLARK, ET AL., | By: James C. Turk |
| Defendants. | Senior United States District Judge |

Plaintiff Piper A. Rountree moves the court for a "protective order" (ECF No. 62) because prison officials have allegedly retaliated against her for filing this lawsuit through actions or omissions that have hindered her litigation efforts. Specifically, Rountree asks the court to order prison officials to stop harassing and retaliating against her in unspecified ways; to provide her free copies of documents necessary to pursue her legal claims; to provide her with "full, daily access to the law library, computers, printed out legal documents . . . between 8:00 a.m. and 6:00 p.m." as requested; and to give her "full access to pens, markers, pencils, papers, [and] highlighters" to prepare "legal work, color coded exhibits and diagrams for court and legal presentations." Mot. 2. The court construes Rountree's submission as a motion for interlocutory injunctive relief which must be denied.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((quoting Winter v.

Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). Each of these four factors must be satisfied. Id. at 346.

Rountree fails to set forth specific facts concerning any manner in which she will suffer "irreparable injury" without the requested court intervention. Moreover, at the hearing conducted in this case on September 5, 2013, after presenting more than 500 photocopied exhibits and charts, Rountree affirmed to the court that she had presented all of her evidence regarding the issue of exhaustion of administrative remedies. Prison conditions that cause an inmate litigant mere inconvenience or minor delay in obtaining library access or writing materials and services, such as Rountree describes, do not rise to the level of an exceptional circumstance warranting the extraordinary relief she requests here. As she fails to demonstrate any likelihood of irreparable harm, the court need not reach the other three factors of the Winter test, and denies her motion. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of September, 2013.

/s/ James C. Turk
Senior United States District Judge