CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 22 2013

JULIA C. _____, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PIPER A. ROUNTREE, | ) | CASE NO. 7:11CV00572 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| HAROLD CLARK, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Piper A. Rountree has submitted another motion for interlocutory injunctive relief (ECF No. 77). In this motion, she complains that prison officials hampered her ability to prepare adequately for the evidentiary hearing conducted in this case on September 5, 2013, and have taken adverse actions against her since that hearing. Finding no evidence that Rountree is entitled to such extraordinary relief, the motion must be summarily denied.

Specifically, Rountree complains that before the hearing, she did not get as many law library appointments as she wanted, prison officials made her consent to pay her full photocopying costs before providing her with the requested photocopies, and officials reviewed the documents photocopied or printed out for her before allowing her to possess them. Rountree also complains about events since the hearing, alleging that: her work assignment was changed; she received a disciplinary charge for refusing to work; her medications were not reordered in a timely manner, so she missed taking them for three days; an inmate who has helped Rountree with her legal research lost her library job; and Rountree cannot access certain legal reference tools and writing utensils. She asserts that all of these past events support a finding that she will suffer unspecified "irreparable harm" if the court does not issue an interlocutory injunction

directing prison officials of certain actions they must take, or must not take, regarding Rountree and her witnesses.[1]

Like Rountree's four previous motions for interlocutory injunctive relief, her current motion must be denied. Such relief is a rare and extraordinary remedy, which the court will issue only when the moving party makes a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). Each of these four factors must be satisfied. Id. at 346.

Rountree fails to set forth specific facts concerning any manner in which she will suffer "irreparable injury," to her person or her litigation efforts, without the requested court intervention. Her repeated assertions of "irreparable harm" are meaningless without facts to support this characterization. In this case, the record itself defeats Rountree's conclusory claim that her litigation capacity has been, or is likely to be, harmed. At the hearing, after presenting more than 500 photocopied exhibits and charts, Rountree affirmed to the court that she had

---

[1] Specifically, Rountree asks the court to order defendants to: stop issuing retaliatory disciplinary charges against her, stop harassing her and her witnesses, stop interfering with her access to mail and the law library, stop interfering with her access to privileges like visitation and telephone usage, never assign her to less comfortable housing, stop charging her for "legal copies," stop denying her and her witnesses medication, start granting her unlimited access to the law library, stop delaying delivery of requested legal copies and printouts, stop suspending qualified individuals from working in the law library, stop infringing on her religious beliefs in unspecified ways, and stop denying her access to legal research and litigation materials.
   Rountree is essentially asking the court to take over administration of the prison, a function that the court is simply not authorized or qualified to fulfill. Inquiry by federal courts regarding prison management is limited under § 1983 to whether a particular system violates any constitutional provision, and, absent such a showing, courts must leave matters of prison administration to the expertise of prison officials. See Bell v. Wolfish, 441 U.S. 520 (1979); Block v. Rutherford, 468 U.S. 576 (1984) (noting that courts cannot substitute their own judgment on institutional management for that of prison officials).

presented (or would submit within a few days) all of her evidence regarding the issue of exhaustion of administrative remedies. Rountree also does not state facts connecting her ongoing dissatisfaction with library and research access to any particular deadline, legal issue, or pleading to which her alleged lack of access caused any specific, adverse effect. Prison conditions that cause an inmate litigant mere inconvenience, delays, or expenses in obtaining library access or writing materials and services, such as Rountree describes, do not rise to the level of an exceptional circumstance warranting the extraordinary relief she requests here. As she fails to demonstrate any likelihood of irreparable harm, the court need not reach the other three factors of the Winter test, and denies her motion.[2] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 22nd day of October, 2013.

*/s/ James C. Turk*
Senior United States District Judge

---

[2] To the extent that Rountree asserts new claims of retaliation, denial of medical care, or interference with her religious beliefs based on events since the hearing, her motion is essentially seeking to bring an untimely amendment to this lawsuit. In addition, Rountree offers no indication that she has exhausted administrative remedies as to any of the conduct described in her current motion. Thus, any amendment seeking to raise new claims about these events is barred by the exhaustion requirement of 42 U.S.C. § 1997e(a).

3