CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 30 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PIPER ROUNTREE, <br> Plaintiff, | Civil Action No. 7:11CV00572 |
| v. | **MEMORANDUM OPINION** |
| HAROLD CLARK, et al., <br> Defendants. | By: Hon. Glen E. Conrad <br> Chief United States District Judge |

Piper Rountree, a prisoner in the custody of the Virginia Department of Corrections ("VDOC"), proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 asserting numerous claims against various VDOC officials and employees. All of her claims arose while she was an inmate at the Fluvanna Correctional Center for Women ("FCCW"). The case is before the court on a motion for summary judgment filed by defendant Phyllis Baskerville, Dkt. No. 82, and on the report and recommendation ("the Report") by United States Magistrate Judge Robert S. Ballou, pursuant to 28 U.S.C. § 636(b)(1)(B), to which plaintiff has objected. See Dkt. No. 87 (Report), Dkt. No. 90 (Objections).

Defendant Baskerville's motion incorporates by reference a previously-filed motion for summary judgment by the other defendants in this case. Like the other defendants, Baskerville seeks summary judgment solely on the grounds that Rountree failed to exhaust her administrative remedies as to any of her claims. Judge Turk denied without prejudice the other defendants' summary judgment motion.[1] Dkt. No. 43. In the same order, he also referred the case to Magistrate Judge Ballou for further proceedings on the issue of exhaustion. Id. Magistrate Judge Ballou held a hearing at which he heard testimony from two defense witnesses, as well as

---

[1] This case was originally assigned to Judge Turk and transferred to the undersigned on July 8, 2014. Judge Turk issued a number of other orders in the case, mostly denying motions filed by Rountree. The court does not discuss them here because they have no bearing on the issues addressed herein.

from plaintiff and two fellow inmates she called as witnesses. He also accepted voluminous exhibits related to exhaustion. Subsequent to that hearing, Magistrate Judge Ballou issued his 32-page Report.

The Report recommends that the court dismiss Rountree's second amended complaint in its entirety. Magistrate Judge Ballou recommends that this court dismiss the vast majority of Rountree's claims for failure to properly exhaust her administrative remedies. He further recommends that, as to the few issues that Rountree did exhaust or that were nongrievable (and thus not subject to exhaustion requirements), those claims be dismissed as legally frivolous or for failure to state a claim. Dkt. No. 87 at 1-2, 31. Finally, he recommends that the court dismiss defendant Baskerville's motion for summary judgment as moot.[2] Id. at 31. Rountree has filed a twenty-five-page document setting forth numerous objections to the Report. See Dkt. No. 90.

For the reasons that follow, this court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation. The Court also grants in part and denies in part defendant Baskerville's motion for summary judgment, consistent with its rulings herein. Finally, the court directs that Rountree file a supplement as to the non-dismissed claims, and orders that the supplement strictly comply with the requirements set forth in this opinion.

## I. Background

The court's review and analysis of the voluminous record in this case has been greatly complicated and hampered by Rountree's insistence on resorting–both in her second amended complaint and generally in her filings—to mostly general and conclusory legal characterizations of her claims. She frequently incorporates by reference a large numbers of exhibits (mostly grievance documents and other documents where she is complaining about her treatment at

---

[2] Baskerville was first added as a defendant in Rountree's second amended complaint, filed after Judge Turk denied the other defendants' summary judgment motion. Baskerville's motion relies upon the evidence submitted at the evidentiary hearing, as well as the summary judgment motion by the other defendants.

2

FCCW) and contends that the incorporation of the exhibits suffices to plead her claims with particularity. The Report notes and properly criticizes these failings. See Dkt. No. 87 at 4. Rountree points to her hundreds of pages of exhibits to show that she has set forth sufficient specific factual allegations to support her claims. Dkt. No. 90 at 15, 23-24. But simply incorporating by reference hundreds of documents into the complaint is not the appropriate manner to plead claims in federal court. Fed. R. Civ. P. 8 (requiring a "short and plain" statement of claims); see also Local Rule 11(c)(1) (written briefs shall contain a "concise statement of the facts . . .").

Her Complaint also contains numerous legal claims asserted against various defendants, under various statutes and legal theories, and based on factual allegations that span a number of years. Indeed, the Report accurately refers to her second amended complaint as an "omnibus complaint." Dkt. No. 87 at 4, n.5. Magistrate Judge Ballou notes that the complaint "joins multiple claims and defendants with no regard for the restrictions of Rules 18 and 20 of the Federal Rules of Civil Procedure." Id. at 4 & n.5.

In response, Rountree contends that there is a common core of operative facts because her complaints concerning the operation of the grievance procedure is "an underlying issue in all" her claims and because her challenge to the adequacy of the defendants' mail system permeates every issue raised. See Dkt. No. 90 at 2-5.

In light of the court's rulings herein—which dismiss nearly all of her claims—the court does not address at this time whether her claims were improperly joined and should have been required to be brought in separate lawsuits. See, e.g., Showalter v. Johnson, No. 7:08cv276, 2009 WL 1321694 (W.D. Va. May 12, 2009) (requiring that a prisoner re-file—as separate cases with separately-paid filing fees—a complaint that contained numerous claims against various

3

defendants and thus did not comport with Rules 18 and 20 of the Federal Rules of Civil Procedure). Rountree is advised, however, that her Supplement (which may contain <u>only</u> the non-dismissed claims as stated in this order) must comply with the joinder rules. That is, the claims in her Supplement must arise out of the same transaction, occurrence, or series of transactions or occurrences, and they must contain a question of law or fact common to all defendants. <u>See</u> Fed. R. Civ. P. 18, 20.

## II. Analysis

### A. Standard of Review

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); <u>see</u> 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond,</u> 416 F.3d at 315 (quotation omitted).

In this case, Rountree objects to nearly the entirety of the Report on various grounds. Accordingly, the court has conducted a de novo review of all aspects of the Report. It has considered all of the documentary evidence in this case. It has also obtained and reviewed a non-final copy of the transcript from the evidentiary hearing in this case and has thus considered the actual testimony from witnesses and not just the paper record. <u>Cf. Wimmer v. Cook,</u> 774 F.2d 68, 76 (4th Cir. 1985) (where jury trial was referred to magistrate judge and magistrate subsequently made findings of fact based on testimony, district judge conducting de novo review was required to review a transcript of the testimony).

4

Case 7:11-cv-00572-GEC-RSB   Document 92   Filed 09/30/14   Page 4 of 8   Pageid#: 2231

**B.     Exhaustion**

As the Report notes, the Prison Litigation Reform Act exhaustion requirement in § 1997e(a) is mandatory; "unexhausted claims cannot be brought in court." Dkt. No. 87 (citing Jones v. Bock, 549 U.S. 199, 211 (2007)). Pertinent here, the Jones court emphasized that exhaustion requires that a prisoner "complete the administrative review process in accordance with the applicable procedural rules" set forth "by the prison grievance process itself." Jones, 549 U.S. at 218 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)). For this reason, an "untimely or otherwise procedurally defective administrative grievance" does not satisfy § 1997e(a). Woodford, 548 U.S. at 83-84. Critically, then, exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Id. at 90 (emphasis in original) (citation omitted).

Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, or if they otherwise act to prevent a prisoner from exhausting her administrative remedies. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Thus, while exhaustion under the PLRA is an affirmative defense, Jones, 549 U.S. at 212, a prisoner claiming the grievance system was not "available" "must adduce facts showing that [she] was prevented, through no fault of [her] own, from availing [herself] of that procedure." Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) (unpublished) (citing Moore, 517 F.3d at 725).

The court has carefully considered the extensive record in this case concerning the issue of exhaustion. It is undeniable that Rountree has generated—and circulated—a mass of written paperwork regarding her concerns at FCCW. She has written letters, she has filed informal complaints, and she has appealed many adverse intake decisions. But VDOC has a specific
5

procedure that she is required to follow to properly exhaust. See Woodford, 548 U.S. at 90. She clearly does not agree with that procedure, but she must nonetheless attempt to comply with it.[3]

Having conducted a de novo review of all of the issues raised in the Report, and having considered fully Rountree's objections, the court adopts the Report in substantial part. Specifically, the court adopts the report insofar as it describes the grievance process used within VDOC and overrules Rountree's objections to the same. See Dkt. No. 87 at 5-9. The court further concludes that nearly all the claims that Magistrate Judge Ballou recommended be dismissed are, in fact, subject to dismissal for the reasons stated in the Report. Nonetheless, the court also concludes, based on its de novo review, that four categories of claims should be deemed exhausted and are not subject to dismissal on the present record: (1) her claim that her legal mail was signed for and rejected without her knowledge on January 23, 2011; (2) her claim that Defendant Horn improperly confiscated religious books from her in early 2011; (3) her claim that she was denied access to a legal book she ordered in January 2011; and (4) her claim under RLUIPA and the First Amendment that her Buddhist faith has been substantially burdened because defendants will not permit her to stand on and use her prayer rug during the count procedure.

As to the first three of these claims, plaintiff's assertion that certain of her grievances were purposefully lost by defendants, coupled with the defendants' failure to produce additional

---

[3] Relatedly, Rountree is advised that the United States Court of Appeals for the Fourth Circuit has held that inmates do not have a constitutionally protected right to participate in a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. March 17, 2011) (unpublished). Thus, the defendants' alleged noncompliance with VDOC's grievance procedure, or alleged interference with an inmate's ability to utilize that procedure—while perhaps relevant to the issue of exhaustion—do not by themselves support an actionable claim under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (rejecting petition for rehearing and holding that no legitimate claim of entitlement to a grievance procedure and thus no protected liberty interest arises from a grievance procedure). Similarly, a prisoner's use of grievance procedures is not a protected First Amendment right. Daye, 417 F. App'x at 319. Thus, allegations that officials have retaliated against an inmate for filing grievance forms do not state a cognizable claim for relief under Section 1983. Adams, 40 F.3d at 75.

evidence to contradict her assertion that the grievances would otherwise have been exhausted, leads this court to conclude that the claims should be deemed exhausted. See Hill v. O'Brien, 387 F. App'x 396, 399 (4th Cir. July 12, 2010) (unpublished) (reversing an award of summary judgment against a prisoner who claimed that prison officials had hindered his ability to file administrative grievances, including allegations that they lost or destroyed grievances he had filed); Makdessi v. Clarke, No. 7:11cv262, 2012 WL 293155, at *2 (W.D. Va. Jan. 31, 2012) (noting that the court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" and that defendants are entitled to summary judgment on the basis of inexhaustion only if they can "show that the evidence is so one-sided that no reasonable factfinder could find that [the prisoner] was prevented from exhausting his administrative remedies") (citations omitted)). As to the last claim, the court rejects the Report insofar as it recommends sua sponte dismissal of the claim on its merits, but will consider any future motion on the merits of the claim.

To the extent Rountree still wants to pursue any of these four claims and believes she can do so in one suit without violating the rules concerning joinder of claims and defendants, Rountree shall re-plead them in the Supplement as discussed in Section C below, in order to allow the court and defendants a meaningful opportunity to evaluate them on their merits.

**C.      Plaintiff Must File A Supplement to Her Second Amended Complaint**

In order to facilitate this case going forward on the merits of these four remaining claims—or whichever of the four Rountree wants to pursue—the court hereby directs Rountree to file with the court a document titled as a "Supplement to the Second Amended Complaint." The document shall be filed not later than 30 days after entry of this Opinion and Order and shall pertain only to the four claims identified above. The Supplement shall be a short, clear, and concise statement describing the factual basis for each of the claims in order to allow defendants

7

and the court to understand the precise nature of her claims and to have that information in a single document. This brief statement shall not include any legal conclusions, general legal statements, or legal citations. It shall not incorporate by reference any exhibits. It shall not refer to efforts to exhaust or quote from what was written or said during the grievance procedure.

Instead, it shall simply and succinctly state: (1) specific factual allegations describing the precise actions taken with regard to the listed claims; (2) the date or approximate date such actions were taken; (3) which specific defendant or defendants took such actions; and (4) what relief Rountree seeks as to each claim.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge's Report and Recommendation, Dkt. No. 87, is ADOPTED IN PART and REJECTED IN PART, and Defendant Baskerville's motion for summary judgment, Dkt. No. 82, is GRANTED IN PART and DENIED IN PART. Consistent with the court's reasoning above, all of Rountree's claims are either DISMISSED WITHOUT PREJUDICE for failure to exhaust or DISMISSED WITH PREJUDICE for failure to state a claim, with the exception of the four claims referenced on the preceding page. As to those four claims, Rountree shall file her Supplement not later than thirty days after entry of the accompanying order.

ENTERED this 30th day of September, 2014.

_/s/ Glen Conrad_
Chief United States District Judge

8