CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 23 2015

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

| | |
|---|---|
| PIPER ROUNTREE ) | |
|     Plaintiff, ) | Civil Action No. 7:11CV572 |
| ) | |
| v. ) | CONSENT ORDER |
| ) | |
| HAROLD CLARKE, *et al.*, ) | By:   Hon. Glen E. Conrad |
|     Defendants. ) |        Chief U. S. District Judge |

One of the claims in this prisoner civil rights case involves plaintiff's assertion that her constitutional rights under the First Amendment, and her statutory rights under the Religious Land Use and Institutionalized Persons Act (*RLUIPA*), should be interpreted so as to allow her to remain on her prayer rug when she is required to stand for count, when requested to do so, at the correctional facility. In recognition of these assertions, and in order to accommodate the plaintiff's concerns in this regard, the Department of Corrections and the Warden of the Fluvanna Correctional Center for Women have agreed to reinterpret the existing policy so as to permit the plaintiff to remain on her prayer rug when she stands for count, with the understanding that the plaintiff will comply with all count procedures and will allow staff to lift up or look under the rug upon request.

In order to address the plaintiff's concern that this reinterpretation of policy will be changed, and that her use of the prayer rug at count will not be restricted or impeded at some time in the future, the Department of Corrections has now agreed for the court to enter an order recognizing, protecting and memorializing this particular application of the prayer rug policy to the plaintiff.

For reasons as stated above, on motion of the parties, and for good cause being shown, it is now

ORDERED

that the defendant shall permit the plaintiff to use her prayer rug in the manner provided in the Warden's Affidavit of March 16, 2015, a copy of which is attached hereto. Thus, it is understood that this right will be afforded to Ms. Rountree as long as she is in the custody of the Virginia Department of

Corrections, unless the Department of Corrections seeks and receives authority to change the policy with leave of court, with the further understanding that the Department of Corrections may act unilaterally, as security concerns may warrant. It is further determined that upon entry of this order, the plaintiff's First Amendment and *RLUIPA* claims will be moot.

WE ASK FOR ENTRY OF this Order on this 23rd day of March, 2015.

_____
Piper Rountree, Plaintiff

_____
Kate Dwyre, Esq., Counsel for Defendants and
the Virginia Department of Corrections

_____
Richard Vorhis, Esq., Counsel for Defendants and
the Virginia Department of Corrections

It is so ORDERED.

_____
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

PIPER A. ROUNTREE,

    Plaintiff,

v.                              CASE NO. 7:11CV00572

HAROLD CLARKE, et al.,

    Defendants.

## AFFIDAVIT

State of Virginia, County of Fluvanna, to-wit:

    TAMMY BROWN, first being duly sworn, states as follows:

    1.    I am the Warden at Fluvanna Correctional Center for Women (FCCW).

    2.    The information in this affidavit is based on personal knowledge and records maintained in the regular and ordinary course of business.

    3.    Immediately upon signing this affidavit, Offender Piper Rountree will be allowed to stand on her prayer rug while praying during count. Rountree will be required to abide by all count procedures and rules, including but not limited to, physically standing in front of her bunk facing the cell door during count. Additionally, Rountree will be required to immediately comply with all prison staff orders, including but not limited to, stepping off of the rug or lifting the rug up to allow for security checks. Once the check is complete, Rountree may continue to stand on her rug for prayer for the remainder of count.

    4.    If the prayer rug is not in use, however, Rountree is required to store the prayer rug in the storage space provided pursuant to Virginia Department of Corrections ("VDOC")

802.1
Operating Procedure ~~820.1~~, Attachment 3A.

TAMMY BROWN

*Tammy Brown*
Affiant

Sworn and subscribed to before me, a Notary Public, in and for the State of Virginia, County of Fluvanna, this 10th day of March, 2015.

*Donna Cunningham Lawrence*
Notary Public

My commission expires: June 30th, 2017



2