CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 26 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PIPER A. ROUNTREE, | ) | CASE NO. 7:11CV00572 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

After hearing oral arguments on the pending motions in this case on March 23, 2015, for reasons stated in open court and in this memorandum opinion, the court will deny plaintiff's motion to reconsider its previous rulings in this case, grant defendants' motion for summary judgment on the ground that plaintiff's one remaining claim for injunctive relief is now moot, and dismiss plaintiff's motion for permanent injunction as moot.

## BACKGROUND

Piper A. Rountree, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In her second amended complaint, Rountree alleged that prison officials at Fluvanna Correctional Center for Women ("FCCW") had violated her rights in numerous ways under the Constitution, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and federal and state warranty laws under which she claimed to be a third-party beneficiary to defendants' employment contracts. By opinion and order entered September 30, 2014, the court granted defendants' motion for summary judgment in part and dismissed all but four of Rountree's claims, based on her failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a).

The four categories of claims not dismissed under § 1997e(a) were: (1) Rountree's claim that her legal mail was signed for and rejected without her knowledge on January 23, 2011; (2) her claim that she was denied access to a legal book she ordered in January 2011; (3) her claim that Defendant Horn improperly confiscated religious books from her in early 2011; and (4) her claim under RLUIPA and the First Amendment that her Buddhist faith has been substantially burdened because defendants would not permit her to stand on and use her prayer rug during the count procedure. The court directed Rountree to submit a supplement stating the facts in support of those four claims, which she did.

Defendants then filed a motion for summary judgment on the merits of the four claims, to which Rountree responded. By opinion and order entered March 9, 2015, the court granted summary judgment as to all of Rountree's claims except one. The remaining claim sought injunctive relief against current FCCW warden, Tammy Brown, under § 1983, the First Amendment, and RLUIPA, related to prison officials' refusal to allow Rountree to stand on her prayer rug during count procedures. As to this claim, the court set the matter for an evidentiary hearing on March 23, 2015, to be followed by additional proceedings, if necessary.

Warden Tammy Brown then filed a supplement to her motion for summary judgment on March 16, 2015, along with her affidavit describing the following prison policy change:

> Immediately upon signing this affidavit, Offender Piper Rountree will be allowed to stand on her prayer rug while praying during count. Rountree will be required to abide by all count procedures and rules, including but not limited to, physically standing in front of her bunk facing the cell door during count. Additionally, Rountree will be required to immediately comply with all prison staff orders, including but not limited to, stepping off of the rug or lifting the rug up to allow for security checks. Once the check is complete, Rountree may continue to stand on her rug for prayer for the remainder of count. . . . If the prayer rug is not in use, however, Rountree is required to store the prayer rug in the storage space provided . . . .

2

(Brown Affid. ¶¶ 3 & 4, March 16, 2015, ECF No. 114-1.) Based on Brown's evidence, defendant argued that Rountree's prayer rug claim should be dismissed as moot. In light of the policy change, the court cancelled the evidentiary hearing, but offered to conduct a hearing if Rountree believed one to be necessary.

Rountree requested a hearing. She also moved for reconsideration of the court's prior rulings dismissing her other claims and renewed her motion for permanent injunctive relief regarding the use of her prayer rug. Rountree stated her fear that at any time, the policy could be reversed, leaving her without accommodation of her religious beliefs in this regard.

Before hearing oral arguments on March 23, 2015, the court met with Rountree and defense counsel in chambers. After a brief discussion, the parties entered into a consent order, which states:

> The defendant shall permit the plaintiff to use her prayer rug in the manner provided in the Warden's Affidavit of March 16, 2015, a copy of which is attached hereto. Thus, it is understood that this right will be afforded to Ms. Rountree as long as she is in the custody of the Virginia Department of Corrections, unless the Department of Corrections seeks and receives authority to change the policy with leave of court, with the further understanding that the Department of Corrections may act unilaterally, as security concerns may warrant. It is further determined that upon entry of this order, the plaintiff's First Amendment and RLUIPA claims will be moot.

(Consent Order, ECF No. 125.)

## DISCUSSION

### A. Injunctive Relief

Based on the consent order, the parties have agreed that Rountree's remaining claim for injunctive relief regarding use of her prayer rug during count procedures is moot. On that basis, the court will grant defendants' motion for summary judgment as to this claim and will deny Rountree's motion for permanent injunction.

3

## B. Motion to Reconsider

Since Rountree filed her motion within the twenty-eight days provided by Rule 59(e), the court construes her "Motion to Reconsider" as a Rule 59(e) motion to alter or amend the order entered March 9, 2015.[1] See Lee-Thomas v. Prince George's Cnty. Pub. Sch., 666 F.3d 244, 247 n.4 (4th Cir. 2012) (treating motions to reconsider filed within twenty-eight days as Rule 59(e) motions and motions filed outside twenty-eight days as Rule 60(b) motions) (citing Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n. 4 (4th Cir. 2011). As explained by the Fourth Circuit,

> A Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). It is an extraordinary remedy that should be applied sparingly. EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012).

The March 9 order granted summary judgment for the defendants on the ground of qualified immunity and dismissed Rountree's claims for damages under § 1983 and RLUIPA. At oral argument, Rountree pointed to facts not mentioned in the court's opinion. These facts, however, do not affect the soundness of the court's legal analysis. Thus, the court finds no basis

---

[1] In her oral argument, Rountree also asked the court to reconsider its order of September 30, 2014, dismissing numerous claims under § 1997e(a). Given the passage of time since entry of that order, the court could only address Rountree's request for reconsideration as one seeking relief from judgment under Rule 60(b). A Rule 60(b) motion should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto Insur. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotations and citations omitted). Rountree has made no such showing regarding the court's determination that the she failed to exhaust the majority of her claims.

4

to alter or amend the order dismissing Rountree's claims for damages under § 1983 and RLUIPA on the ground of qualified immunity.[2]

Rountree also argued that the court's March order failed to address her claims for damages as a disabled individual protected under the ADA and as a third-party beneficiary to VDOC employment contract warranties. In her second amended complaint, Rountree referenced the ADA and contract warranties, both generally and in reference to her exhausted claims about interference with her incoming mail. She asserted: "Plaintiff as an incarcerated person at [FCCW] is a handicapped individual under the meaning of the [ADA] . . . [and] Defendants' actions and omissions . . . violate[d] her rights guaranteed under the [ADA]." (ECF No. 46, ¶¶ 95-96.) In the factual supplement, Rountree also referenced contract warranty law and her alleged "disability":

> [T]he Defendants have a good faith contractual and warranty duty to care for Plaintiff, undertaking their obligations in a good workman-like manner and with fair dealing. Defendants' actions and omissions show that this was not done. . . . As an incarcerated individual in a maximum security facility, Plaintiff suffers severe disabilities from the nature of her incarceration. Many of her major life activities are substantially limited and she is regarded as being so impaired.

(Fact. Suppl. ¶¶ 1-2, 17-18, 36-37, 53-54; ECF No. 94.) The court's March opinion and order did not mention either the ADA or contract law. Upon consideration of these issues, however, the court finds no basis to alter or amend its prior rulings that defendants are entitled to summary judgment against all claims for monetary relief.

---

[2] The court's finding that defendants are entitled to qualified immunity bars all of her claims for monetary relief, including punitive damages. See Young v. Lynch, 846 F.2d 960, 962 (4th Cir. 1988). Therefore, her renewed request in the motion to reconsider for punitive damages is without merit.

5

As the court has already held, Rountree's claims for monetary damages are barred under the doctrine of qualified immunity, because she failed to present facts stating any claim that the defendants, personally, violated her federal rights. This finding of qualified immunity applies not only to constitutional claims, but also to statutory claims, such as Rountree's ADA allegations.[3] See Henry v. Purnell, 501 F.3d 374, 377 (4th Cir. 2007).

Moreover, Rountree has stated no viable claim under the ADA, because she has presented no facts showing that she is a disabled person for purposes of this statute. An individual is "disabled" under the ADA if she has: "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A) (emphasis added). Major life activities "include but are not limited to caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." § 12102(2)(A). Major life activities also include "the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." § 12101(2)(B). The only disability that Rountree has identified is incarceration. While this status is literally a physical impairment, the court cannot find that it falls within the class of physical impairments Congress intended the ADA provisions to protect or that incarceration alone "substantially limits" the type of basic personal and bodily functions that the ADA classifies as major life activities. Thus, Rountree's motion to alter or amend the March 2015 order based on her ADA arguments must be denied.

---

[3] Moreover, the Fourth Circuit has held that the ADA does not recognize a cause of action against prison employees in their individual capacities for monetary damages. Baird ex rel. Baird v. Rose, 192 F.3d 462, 471 (4th Cir. 1999); see also 42 U.S.C. § 12132 (providing a remedy only against a "public entity"). Therefore, Rountree has no claim for monetary damages here under the ADA against any of the defendants.

6

Finally, Rountree's motion will also be denied as to her third-party beneficiary claims. These claims arise, if at all, under state contract law. Because the court herein dismisses all of Rountree's federal claims, the court declines to exercise supplemental jurisdiction over her state contract claims, pursuant to 28 U.S.C. § 1367(c).[4] Accordingly, the court will dismiss any state law claims without prejudice.

### C. Fees and Costs

Rountree, who was formerly licensed as an attorney, argued that she should recover attorney fees under 42 U.S.C. § 1988. This section provides that the court, in its discretion, may allow the prevailing party in a civil rights action "a reasonable attorney's fee as part of the costs." § 1988(b).

Rountree seeks to reimburse herself for the many hours she worked on this case, essentially as her own paralegal. The court finds no merit to this argument. It is well established that a pro se litigant who is also a lawyer may not be awarded attorney's fees under § 1988. See, e.g., Kay v. Ehrler, 499 U.S. 432 (1991). The Supreme Court found that "the overriding statutory concern [in § 1988] is the interest in obtaining independent counsel for victims of civil rights violations" as the best means of "ensuring the effective prosecution of meritorious claims." Id. at 437. The court finds this reasoning equally applicable to Rountree's claim that she acted as her own paralegal and, in its discretion, will deny her request for attorney fees for her time spent in representing herself in this case.[5]

---

[4] The court also finds no factual basis in Rountree's submissions to suggest that she is an intended beneficiary of any state employment contract, as she alleges.

[5] At oral argument, Rountree relied on a decision from the United States District Court for the Eastern District of Virginia from 1992, which the court was unable to locate. Even if another court may have awarded costs to a pro se litigant for paralegal services, however, the court remains convinced that no such award is justified in this case.

7

Rountree also argued that in light of the consent order, she prevailed in the case and should recover the costs she incurred for the filing fee, photocopies, printouts, and postage for her pleadings. The court finds no merit to this argument.

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." While this section creates a presumption in favor of an award of costs to a prevailing party, the court retains discretion to deny such an award if "there would be an element of injustice in a presumptive cost award." See Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

> Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided.

Ellis v. Grant Thornton LLP, 434 F. App'x 232, 234 (4th Cir. 2011) (citing Cherry, 186 F.3d at 446).

The court does not find any award of costs to be warranted in this case. First, Rountree's claim that she is the prevailing party in this case is belied by the record. From a complaint that raised sixteen disparate claims under multiple statutory, constitutional, and state law grounds, seeking monetary, punitive, injunctive, and declaratory relief, Rountree achieved favorable resolution of only one discrete issue, regarding use of her prayer rug in the future. Second, she achieved that relief through the consent order the parties entered, not through any court ruling in her favor. The court granted summary judgment for defendants as to all of Rountree's other claims, including her claim for monetary damages related to the prayer rug issue. Moreover, the court did not rule that Rountree had established all necessary elements of her prayer rug claim or hold that the defendant was required under the First Amendment or RLUIPA to make the

8

accommodation outlined in the consent order. Rather, the defendant's motion for summary judgment was granted on the ground that the sole remaining issue had become moot in light of the consent order.[6]

Third, the vast bulk of Rountree's costs must be attributed to the fact that she chose to litigate multiple unrelated and improperly joined claims against dozens of officials in one omnibus complaint. This style of litigation is contrary to the Federal Rules of Civil Procedure. See Rules 18 & 20 (regarding lawful joinder of claims and parties). Rountree's choice to pursue so many disparate claims together complicated the case unnecessarily from the beginning, significantly slowed the disposition of any claim, and generated a high percentage of the costs for copying and postage about which Rountree now complains. Had she focused her efforts from the beginning on only properly joined claims and defendants, her costs would have been less, and the analysis regarding recovery of costs might have been different.

Under the circumstances of this case, as outlined here, the court concludes that awarding costs to Rountree would be unjust under the fourth factor identified in the Cherry decision—the limited value of Rountree's victory from a legal perspective. Id. The court will, therefore, deny Rountree's request to recover fees and costs.

---

[6] See Garcia v. Hinkle, Civil Action No. 7:13cv00585, 2014 WL 3778536, at *3 (W.D. Va. 2014) ("The Supreme Court . . . has warned lower courts 'to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncement on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs.'") (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).

9

## CONCLUSION

For the reasons stated, Rountree's motion to reconsider will be denied; the defendants' motion for summary judgment on the ground of mootness is granted as to Rountree's sole remaining claim; and Rountree's motion for permanent injunction and her request for fees and costs will be denied. An appropriate order will issue this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to plaintiff and to counsel for the defendants.

ENTER: This 26th day of March, 2015.

/s/ Glen Conrad
Chief United States District Judge